# United States Bankruptcy Court
## Northern District of Illinois

In re **Gina J Munao**                                          Case No.  **13-81894**
Debtor(s)                                                       Chapter   **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **3,500.00** |
   | Prior to the filing of this statement I have received | $ **0.00** |
   | Balance Due | $ **3,500.00** |

2. The source of the compensation paid to me was:

   ■ Debtor        ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor        ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **June  5, 2013**                      **/s/ Ariel Weissberg**
                                               **Ariel Weissberg 03125591**
                                               **Weissberg and Associates, Ltd.**
                                               **401 S. LaSalle St.**
                                               **Suite 403**
                                               **Chicago, IL 60605**
                                               **312-663-0004  Fax: 312-663-1514**
                                               **ariel@weissberglaw.com**

Ms. Munao
5/21/2013
Page 2

    Please date and countersign this letter and return it to me so that we will have a written mutual memorandum of our understanding. Please retain the signed copy of the letter for your file.

                              Yours truly,

                              Ariel Weissberg

AW/mm

**ACCEPTED this 22nd day of May, 2013**

    *Gina J. Munao*
    _____
    **Gina J. Munao**

## WEISSBERG AND ASSOCIATES, LTD.

401 South LaSalle  Telephone: 312/663-0004
Suite 403  Facsimile: 312/663-1514
Chicago, Illinois 60605  E-Mail:
ariel@weissberglaw.com

May 22, 2013

Ms. Gina J. Munao  By Email: ginajoyrn@sbcglobal.net
1920 Jester Lane
Algonquin, IL 60102

**Re:   Financial Matters—Chapter 13**

Dear Gina:

     We are pleased that you have requested this law firm to represent you in the above-captioned matter. Lawyers are required, under the Rules of Professional Conduct, to communicate in writing the basis or rate of their fee when beginning the representation of a client. This letter sets forth the terms concerning our representation of you.

     You agree to pay our firm an advanced payment fee in the amount of $3,500.00 (the "Advanced Payment Retainer") through Monarch Hospice and Palliative Care, Inc., from which we will credit against our legal services as rendered and advance against any reimbursable costs and expenses, which amount is paid to us for the purpose of establishing our attorney-client relationship.

     Should a Complaint objecting to your discharge or the dischargeability of a claim be filed against you ("Adversary Proceeding"), we will bill you on an hourly basis--to be applied against the Advanced Payment Retainer. Our billing is based on an hourly rate of $400.00 for time expended by me and $325.00 for time expended by the associates of Weissberg and Associates, Ltd. Fractions of hours are computed in increments of one quarter (1/4) of an hour. Some of the work on your case may be done by a paralegal assistant or by a law clerk whose hourly rates are substantially lower; and to the extent that their time is utilized, your overall fee will be reduced.

     You shall also be responsible for paying all out-of-pocket expenses incurred by my firm in representing you in any such Adversary Proceeding, such as filings with courts and government agencies, photocopying, facsimile transmissions, express courier services, messenger services, computerized Westlaw research, travel costs, and other expenses and charges.