UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Case No. 13-81894 |
| GINA J. MUNAO, | ) | Hon. Judge Thomas M. Lynch |
| | ) | Hearing Date:  July 12, 2013 |
| Debtor. | ) | Hearing Time: 9:00 a.m. |

## NOTICE OF MOTION

To:   See Attached Service List

PLEASE TAKE NOTICE THAT on July 12, 2013, at the hour of 9:00 a.m., we shall appear before the Honorable Thomas M. Lynch, or any other judge sitting in his stead in Courtroom No. 3100 of the United States Bankruptcy Court for the Northern District of Illinois, Western Division, 327 W. Church Street, Rockford, Illinois, 61101, **MOTION FOR ORDER (I) AUTHORIZING THE SALE OF THE DEBTOR'S INTEREST IN STOCK; (II) TO AVOID A JUDICIAL LIEN THAT IMPAIRS AN EXEMPTION IN PERSONAL PROPERTY; AND (III) GRANTING RELATED RELIEF** a copy of which is attached hereto and served upon you and at which time you may appear if you so see fit.

**GINA J. MUNAO**, Debtor


By**:**    /s/ Ariel Weissberg
One of her attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL  60605
T. 312-663-0004
F. 312-663-1514

# **CERTIFICATE OF SERVICE**

I, Ariel Weissberg, certify that on June 13, 2013, I caused **MOTION FOR ORDER (I) AUTHORIZING THE SALE OF THE DEBTOR'S INTEREST IN STOCK; (II) TO AVOID A JUDICIAL LIEN THAT IMPAIRS AN EXEMPTION IN PERSONAL PROPERTY; AND (III) GRANTING RELATED RELIEF** to be filed electronically. Notice of this filing was sent by the court's ECF electronic transmission to the following parties:

| Patrick S. Laying, Esq.<br>Office of the U.S. Trustee<br>219 South Dearborn, 8th Floor<br>Chicago, IL 60604 | Lydia Meyer, Esq.<br>Lydia Meyer − 13 Trustee<br>P.O. Box 14127<br>Rockford, IL 61105−4127 |
| --- | --- |
| Berton J. Maley, Esq.<br>Gloria C. Tsotsos, Esq.<br>Jose G. Moreno, Esq.<br>Rachael A. Stokas, Esq.<br>Peter C. Bastianen, Esq.<br>Joel P. Fonferko, Esq.<br>Maria A. Georgopoulos, Esq.<br>Jessica S. Naples, Esq.<br>Codilis & Associates, P.C.<br>15W030 North Frontage Road, Suite 100<br>Burr Ridge, IL  60527<br>*(Representing JPMorgan Chase Bank, N.A.)* | |

and on June 13, 2013 to the following parties by electronic transmission:

| John P. Dickson, Esq.<br>Bruning & Associates, P.C.<br>333 Commerce Dr., Suite 900<br>Crystal Lake, IL  60014<br>By Email: jdickson@bruninglaw.com | Cornelius P. Brown, Esq.<br>Caroline Kwak, Esq.<br>Cohon Raizes & Regal, LLP<br>208 S. LaSalle, Suite 1860<br>Chicago, IL 60604<br>By Email: nbrown@cohonraizes.com |
| --- | --- |

and on June 14, 2013 by first class U.S. mail, postage prepaid to the parties listed on the attached Service List.



       /s/ Ariel Weissberg
              Ariel Weissberg

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Case No. 13-81894 |
| GINA J. MUNAO, | ) | Hon. Judge Thomas M. Lynch |
| | ) | Hearing Date: July 12, 2013 |
| Debtor. | ) | Hearing Time: 9:00 a.m. |

**MOTION FOR ORDER (I) AUTHORIZING THE SALE OF THE DEBTOR'S INTEREST IN STOCK; (II)TO AVOID A JUDICIAL LIEN THAT IMPAIRS AN EXEMPTION IN PERSONAL PROPERTY; AND (III) GRANTING RELATED RELIEF**

NOW COMES Debtor, Gina Munao (the "Debtor"), and hereby files this motion (the "Sale Motion") seeking the issuance and entry of an order, pursuant to §§ 105, 363(b) and 522 of Title 11, United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), as well as Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules of this Court, inter alia, authorizing and approving (i) the Debtor's sale of the estate's interests in the Personal Property (defined below), (ii) avoiding the judicial lien of Nora Williams in the Personal Property, and (iii) granting the Debtor such other and further relief as is just and proper under the circumstances. This Sale Motion is based on the following memorandum of points and authorities; any additional argument or facts that the Court may permit to be presented at the hearing on the Sale Motion; and the documents submitted to this Court in connection herewith. In support of the relief requested herein, the Debtor respectfully represents and sets forth as follows:

**I.     PRELMINARY STATEMENT**

1.     On May 22, 2013, Munao filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Western Division to initiate the instant Chapter 13 case.

3

2. Munao is the owner of sixty (60) shares of the common stock in Monarch Hospice and Palliative Care, Inc. ("Monarch"), an Illinois corporation, which comprises fifteen percent (15%) of the total issued and outstanding shares of common capital stock of Monarch ("Personal Property"). Munao is a former employee of Monarch, but since at least January 1, 2013, Munao has no involvement in the management or business affairs of Monarch.

3. Nora Williams ("Williams"), a creditor, is claiming a secured interest in the Personal Property pursuant to a pre-petition judicial lien under 735 ILCS 5/2-1402(m) (i.e., a citation lien) through the legal action captioned as, *Nora Williams v. Gina Munao et al.*, Case No. 08-AR-578, pending in the Circuit Court of the Twenty-Second Judicial Circuit, McHenry County, Illinois ("Williams State Court Action"). On January 30, 2012 in the Williams State Court Action, Williams obtained a judgment against Munao and the other defendants in the amount of $142,111.21. After that, Williams initiated post-judgment remedies against Munao, including serving a Citation to Discover Assets on Munao, more than 90 days prior to the filing of Munao's Petition.

4. Prior to the filing of Munao's Petition, on May 16, 2013, Munao and Monarch entered into a written agreement by which Munao agreed, among other things, to sell to Monarch the Personal Property for a purchase price of $4,000.00 ("Purchase Agreement"). A copy of the Purchase Agreement is attached hereto as Exhibit 1.

5. The fair market value of the Personal Property is less than $4,000.00.

6. On June 5, 2013, Munao filed her Schedules (Docket No. 11) reflecting the value of the Personal Property at no more than $4,000.00 (See Schedule B) and claiming an exemption of $4,000.00 in the Personal Property (See Schedule C).

7. Accordingly, pursuant to this Sale Motion, the Debtor seeks the entry of an order of the Court, pursuant to §§ 105, 363 and 522 of the Bankruptcy Code and Bankruptcy Rule 2002, inter alia, authorizing and approving (i) the Debtor's sale of the Personal Property to Monarch pursuant to the Purchase Agreement for a purchase price of $4,000.00; (ii) avoiding the judicial lien of Williams in the Personal Property as an impairment of Munao's exemption in the Personal Property; and (iii) granting the Debtor such other and further relief as is just and proper under the circumstances.

8. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K), (N) and (O). Venue of this case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## II. AUTHORITY

### A. § 363(b) of the Bankruptcy Code Authorizes the Sale of Assets Under the Circumstances Present Here

9. Under § 363(b) of the Bankruptcy Code, a debtor may sell property of its estate outside of the ordinary course of its business, subject to the approval of the court after notice and a hearing. 11 U.S.C. § 363(b)(l). § 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a Debtors' assets prior to confirmation of a Chapter 13 plan. However, courts in this circuit and elsewhere have required that the decision to sell assets outside the ordinary course of business be based upon the sound business judgment of the debtor. See In re Martin, 91 F.3d 389 (3d Cir. 1996), *citing*, In re Schipper, 933 F.2d 513 (7th Cir. 1991); Stephens Indus., Inc. v. McClung, 789 F.2d 386 (6th Cir. 1986); In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983); Licensing By Paolo, Inc.

5

v. Sinatra (In re Gucci), 126 F.3d 380, 387 (2d Cir. 1997) ("A sale of a substantial part of an estate may be conducted if a good business reason exists to support it."); Comm. of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983); In re Chateaugay Corp., 973 F.2d 141, 143 (2d Cir. 1992); Stephens Indus. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986) ("bankruptcy court can authorize a sale of all a Debtors' assets under [§] 363(b)(1) when a sound business purpose dictates such action."); Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 13.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the Debtor articulates a reasonable basis for its business decisions as distinct from a decision made arbitrarily or capriciously, courts will generally not entertain objections to the Debtor's conduct).

10. Courts typically consider the following four factors in determining whether a proposed sale satisfies this standard:

    a) whether a sound business justification exists for the sale;

    b) whether adequate and reasonable notice of the sale was given to interested parties;

    c) whether the sale will produce a fair and reasonable price for the property; and

    d) whether the parties have acted in good faith.

See In re Weatherly Frozen Food Group, Inc., 149 B.R. 480, 483 (Bankr. N.D. Ohio 1992); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991).

11. Here, each of these four (4) factors has been satisfied. First, sound business reasons exist for the Debtor's efforts to dispose of the Personal Property in the proposed manner. The most compelling business reason supporting the Debtor's request for relief is Debtor's need to obtain proceeds of sale to fund her Chapter 13 Plan. The Debtor will use the proceeds from the

sale of the Personal Property to fund the payment of pre-petition mortgage arrearages under the first mortgage indebtedness due to JP Morgan Chase on Munao's principal residence. The Personal Property is not easily sold, and Monarch represents the only viable purchaser of its own common stock[1]. The Personal Property represents a <u>minority</u> equity security interest in Monarch, a company that holds a substantial unsecured claim against Munao. In addition to paying the purchase price of $4,000.00 under the Purchase Agreement, Monarch will release Munao from all claims that Monarch has or may have against Munao. The amount of these claims exceeds $85,000.00. The release of these pre-petition claims is additional consideration for Monarch's purchase of the Personal Property.

12. Second, the Debtor will be providing adequate and reasonable notice to interested parties of the opportunity to object to the sale of the Personal Property. See <u>Folger Adam Security Inc. v. DeMafteis/MacGreg</u>, 209 F.3d 252, 265 (3d Cir. 2000) (stating that notice is sufficient if it includes "the time and place of any sale, the terms and conditions of any private sale, states the time for filing objections"); <u>In re WBQ Partnership</u>, 189 B.R. 97, 103 (Bankr. E.D. Va. 1995) ("'notice is sufficient if it includes the terms and conditions of the sale, if it states the time for filing objections").

13. Third, the sale of the Personal Property will produce a fair and reasonable price for the Personal Property since the fair market value of a minority equity security interest in Monarch is substantially less than the $4,000.00 payable to Debtor, plus the amount of the claims against Munao that Monarch is releasing. At the hearing on this Motion, the Debtor will present

---

[1] The Personal Property is subject to Monarch and Yolanda Ybarra's "rights of first refusal" pursuant to a Shareholders Agreement dated December 14, 2004. Yolanda Ybarra owns eighty-five percent (85%) of the issued and outstanding common capital stock of Monarch.

to the Court evidence that the sale of the Personal Property to Monarch is producing a fair and reasonable price for the Personal Property.

14.    Last, the Debtor is proceeding in good faith and will make a showing at the hearing on this Motion that the purchaser of the Personal Property has acted in good faith. The sale of the Personal Property to Monarch pursuant to the Purchase Agreement should therefore be approved.

**B.    The Sale of the Property Should be "Free and Clear" of Liens (§ 363(f))**

15.    Pursuant to § 363(f) of the Bankruptcy Code, a debtor may sell property "free and clear of any interest in such property of an entity other than the estate" if any one of the following conditions is satisfied:

    a)    applicable non-bankruptcy law permits the sale of such property free and clear of such interest;

    b)    such entity consents;

    c)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    d)    such interest is in bona fide dispute; or

    e)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f)

In addition, a court may authorize the sale of a debtor's assets free and clear of any liens, claims or encumbrances under § 105 of the Bankruptcy Code. Volvo White Truck Corp. v. Chambersburg Beverage, Inc. (In re White Motor Credit Corp.), 75 BR. 944, 948 (Bankr. N.D. Ohio 1987) ("Authority to conduct such sates [free and clear of liens] is within the court's equitable powers when necessary to carry out the provisions of Title 11.").

8

16. The Debtor submits that the sale of the Personal Property free and clear of liens, claims and encumbrances satisfies the statutory prerequisites of § 363(f) of the Bankruptcy Code. The judicial lien of Williams on the Personal Property is in *bona fide* dispute because the judicial lien impairs Munao's exemption claimed in the Personal Property. Also, the value of the Personal Property is less than $4,000.00, satisfying the provisions of § 363(f)(3) of the Bankruptcy Code. The Debtor will serve notice of the hearing of this Motion on all creditors and other parties in interest in the estate. The Debtor does not anticipate any opposition from creditors. If that turns out to be case, then all such parties will have been deemed to have consented to the sale, and § 363(f)(2) of the Bankruptcy Code will be satisfied. See FutureSource LLC v. Reuters Ltd., 312 F.3d 281, 285 (7th Cir. 2002); and In re Shary, 152 B.R. 724, 725 (Bankr. N.D. Ohio 1993).

C. **The Court Should Avoid the Judicial Lien of Williams as an Impairment of an Exemption in Personal Property (§522)**

17. § 522 of the Bankruptcy Code authorizes a debtor to avoid a judicial lien on personal property that impairs an exemption:

(f)

(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in § 523 (a)(5);

***

(2)
(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
(i) the lien;
(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)

18.     Here, the judicial lien of Williams in the Personal Property impairs Munao's exemption in the Personal Property, and pursuant to § 522 this judicial lien should be avoided..

### D.     Request for a Waiver of the Stay

19.     In addition, by this Sale Motion, the Debtor seeks a waiver of any stay of the effectiveness of the orders approving the relief requested in this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise."

20.     Given the circumstances extant herein, the Debtor anticipates that Monarch will want to close on the purchase of the Personal Property as soon as possible. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the 10-day stay imposed by Bankruptcy Rule 6004(h) to the extent that it applies.

### E.     Notice

21.     Notice of this Sale Motion will be provided to: (a) the Office of the Chapter 13 Trustee; (b) counsel to Williams and to Williams; (c) all parties known to be asserting a lien in the Personal Property; (d) each of the Debtor's creditors; and (e) all parties entitled to receive notice in this Chapter 13 case pursuant to Bankruptcy Rule 2002. The Debtor submit that no other or further notice need be provided.

22.     No prior request for the relief sought in this Motion has been made to this or any other Court.

## CONCLUSION

23.     Based on the reasons set forth herein, the Debtor respectfully requests that the Court issue and enter an order, inter alia, (a) approving the sale of the Personal Property to Monarch pursuant to the terms of the Purchase Agreement, with such sale to be free and clear of any and all liens, claims and encumbrances of any kind; and (b) the avoidance of the pre-petition judicial lien of Nora Williams in the Personal Property pursuant to § 522 of the Bankruptcy Code; and (c) granting the Debtor such other and further relief as the Court may find just and proper.

Dated: Chicago, Illinois          **GINA J. MUNAO**, Debtor
       June 12, 2013


                                  By:     /s/ Ariel Weissberg
                                     One of her attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL  60605
T. 312-663-0004
F. 312-663-1514