UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Case No. 13-81894 |
| GINA J. MUNAO, | ) | Hon. Judge Thomas M. Lynch |
| | ) | Hearing Date: September 6, 2013 |
| Debtor. | ) | Hearing Time: 9:00 a.m. |

**DEBTOR'S RESPONSE TO OBJECTION OF NORA WILLIAMS IN RESPONSE TO DEBTOR'S MOTION FOR ORDER (I) AUTHORIZING THE SALE OF THE DEBTOR'S INTEREST IN STOCK; (II) TO AVOID A JUDICIAL LIEN THAT IMPAIRS AN EXEMPTION IN PERSONAL PROPERTY; AND (III) GRANTING RELATED RELIEF**

NOW COMES Debtor, Gina Munao ("Debtor" or "Munao"), by her attorneys, Ariel Weissberg and the law firm of Weissberg and Associates, Ltd., and as her *Response to the Objection of Nora Williams in Response to Debtor's Motion for Order (I) Authorizing the Sale of the Debtor's Interest in Stock; (II) to Avoid a Judicial Lien that Impairs an Exemption in Personal Property; and (III) granting Related Relief*, states as follows:

1.    On May 22, 2013, Munao filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Western Division to initiate the instant Chapter 13 case.

2.    On June 14, 2013, Munao filed her *Motion for Order (I) Authorizing the Sale of the Debtor's Interest in Stock; (II) to Avoid a Judicial Lien that Impairs an Exemption in Personal Property; and (III) Granting Related Relief* ("Motion") (Docket No. 24)

3.    On August 26, 2013, Nora Williams filed her *Objection of Nora Williams in Response to Debtor's Motion for Order (I) Authorizing the Sale of the Debtor's Interest in Stock;*

1

*(II) to Avoid a Judicial Lien that Impairs an Exemption in Personal Property; and (III) granting Related Relief* ("Response") (Docket No. 38).

4. Through the Response, Nora Williams ("Williams") is trying to defeat the Debtor's Motion through misstatements of the law and facts. Putting that aside for the moment, Munao is seeking an evidentiary hearing on the Motion, complete with all of the procedures provided in F.R.B.P. 9014 (entitled "Contested Motions"). That alone resolves almost all of Williams' baseless allegations, that the Motion, and in particular, the relief sought through the Motion, are shrouded in secrecy or otherwise non-transparent.

With the procedures allowed by F.R.B.P. 9014 in place, Williams can investigate all aspects of the proposed transaction, including the financial affairs of Monarch Hospice & Palliative Care, Inc. ("Monarch"), whether there are any other prospective purchasers of Munao's 60 shares of Monarch stock ("Stock"), whether the purchase price offered represents the fair market value of the Stock and the basis for the $85,000 claim of Monarch against Munao.

5. That said, contrary to Williams' allegations of "bad faith," to date, Monarch has produced to Williams—without the need for Williams seeking relief under F.R.B.P. 2004, including through a subpoena (or any other court intervention)—tax returns, financial statements, journals, payroll ledgers, a list of liabilities, a list of lawsuits, and other corporate books and records of Monarch – both historical (2009, 2010, 2011 and 2012) and <u>current</u> information. In fact, <u>both</u> Monach and Munao have produced financial information to Williams prior to and after the filing of Munao's bankruptcy case without Williams having to seek judicial intervention from any court. As such, with complete transparency and full cooperation to date coming to Williams from Munao and Monarch concerning <u>any</u> requests for <u>any</u> information from Williams,

2

Williams' allegations of bad faith are without any merit. In short, neither Monarch nor Munao are trying to hide from Williams any aspect of the proposed sale or the financial status of Munao or Monarch.

6. Munao disputes that Williams has a valid perfected judicial lien in the Stock. There is no order in any court of competent jurisdiction granting a judicial lien against the Stock. Munao is not disputing that Williams is a judgment creditor that was engaged in post-judgment remedies in the action captioned as *Nora Williams v. Gina J. Munao*, that was pending in the Circuit Court of the Twenty-Second Judicial Circuit, McHenry County, Illinois as Case No. 08-AR-578 ("State Court Action"), but the pre-petition rights of Williams in any personal property of Munao are subject to Illinois Supreme Court Rule 277.

7. In addition, Williams has failed to file a timely objection to Munao's exemptions, including the exemption claimed in the Stock (See Munao's Schedule C, Docket Entry No. 6, filed on June 6, 2013). As such, Williams has waived the right to object to any "wild card" objection raised by Munao (see F.R.B.P. 4003).

8. Williams is incorrect in alleging in the Response that Munao has failed to provide a valid financial justification for selling the Stock to Monarch. As stated in the Motion, Munao needs the $4,000 from the proceeds of the Stock to reduce the pre-petition arrearage on the first mortgage indebtedness due to JPMorgan Chase encumbering Munao's primary residence at 1920 Jester Lane, Algonquin, Illinois. Munao has few sources of funds to reduce this pre-petition arrearage. Without the proceeds from the sale of the Stock, Munao cannot cure this arrearage, and thus, Munao will be unable to perform under the terms of her Chapter 13 Plan. That failure will lead to Munao's loss of her house. This scenario has nothing to do with the automatic stay as Williams incorrectly states in the Response. Rather, Munao's need for proceeds from the sale

of the Stock is driven by the need to confirm her Chapter 13 Plan. If Munao cannot obtain the $4,000 from the sale of her stock, she will not be able to cure the pre-petition first mortgage arrearage, as provided in Munao's Chapter 13 Plan.

9. Further, Williams' assertion concerning the Shareholders' Agreement of Monarch being an executory contract, subject to rejection under Section 365 of the Bankruptcy Code as a basis for contesting Monarch's rights in the Stock is inapposite. First, Munao and not the Chapter 13 Trustee have the rights of rejection under Section 365. Second, the rights of Monarch in the Stock cannot be terminated effectively to increase the value of the Stock, even if the Shareholders' Agreement were rejected. Either way, the Stock remains a minority interest in a financially distressed, closely-held company, subject to pre-petition rights of set-off of Monarch for its $85,000 pre-petition claim. Under this circumstance, with or without the encumbrance of the Shareholders' Agreement, there is no appreciable difference in the value of the Stock. That said, Munao does not intend to seek a rejection of the Shareholders' Agreement, and it is not a right transferable to any party-in-interest.

10. As for finding a third party purchaser for the Stock, other than Yolanda Ybarra, Williams is free to bring one to Court with a viable written offer.

11. Finally, the *ad hominum* attacks on Yolanda Ybarra and Munao's counsel are reprehensible. Contrary to Williams' assertions in the Response, Ariel Weissberg and his firm represented Munao since at least April, 2012 in a number of legal matters, including the State Court Action. Monarch is represented in Munao's Chapter 13 bankruptcy case by Cornelius Brown. There is no reason to attack Ariel Weissberg in these proceedings for having represented Monarch and Ylanda Ybarra in matters unrelated to this bankruptcy case.

    12.    In light of the foregoing, this Court should grant the Motion.

Dated: Chicago, Illinois           **GINA J. MUNAO**, Debtor
       September 4, 2013

                                            By**:**   /s/ Ariel Weissberg
                                                  One of her attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
T. 312-663-0004
F. 312-663-1514