**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Case No. 13-81894 |
| GINA J. MUNAO, | ) | Hon. Judge Thomas M. Lynch |
| | ) | Hearing Date: October 25, 2013 |
| Debtor. | ) | Hearing Time: 9:00 a.m. |

**NOTICE OF MOTION**

To:   See Attached Service List

PLEASE TAKE NOTICE THAT on October 25, 2013, at the hour of 9:00 a.m., we shall appear before the Honorable Thomas M. Lynch, or any other judge sitting in his stead in Courtroom No. 3100 of the United States Bankruptcy Court for the Northern District of Illinois, Western Division, 327 W. Church Street, Rockford, Illinois, 61101, **MOTION TO ENFORCE SETTLEMENT,** a copy of which is attached hereto and served upon you and at which time you may appear if you so see fit.

**GINA J. MUNAO**, Debtor

By**:**    /s/ Ariel Weissberg
        One of her attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL  60605
T. 312-663-0004
F. 312-663-1514

1

## **CERTIFICATE OF SERVICE**

  I, Ariel Weissberg, certify that on October 23, 2013, I caused **MOTION TO ENFORCE SETTLEMENT** to be filed electronically.  Notice of this filing was sent by the court's ECF electronic transmission to the following parties:

| Patrick S. Laying, Esq.<br>Office of the U.S. Trustee<br>219 South Dearborn, 8th Floor<br>Chicago, IL 60604 | Lydia Meyer, Esq.<br>Lydia Meyer − 13 Trustee<br>P.O. Box 14127<br>Rockford, IL 61105−4127 | John P. Dickson, Esq.<br>Bruning & Associates, P.C.<br>333 Commerce Dr., Suite 900<br>Crystal Lake, IL  60014<br>By Email:<br>jdickson@bruninglaw.com |
|---|---|---|
| Gloria C Tsotsos, Esq.<br>Codilis & Associates PC<br>15W030 North Frontage Rd.<br>Suite 100<br>Burr Ridge, IL 60527<br>nd-two@il.cslegal.com<br>(Representing J.P. Morgan Chase) | | |

and on October 3, 2013 to the following parties by electronic transmission:

Cornelius P. Brown, Esq.
Caroline Kwak, Esq.
Cohon Raizes & Regal, LLP
208 S. LaSalle, Suite 1860
Chicago, IL 60604
By Email: nbrown@cohonraizes.com

       _____/s/ Ariel Weissberg_____
         Ariel Weissberg

2

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Case No. 13-81894 |
| GINA J. MUNAO, | ) | Honorable Thomas M. Lynch |
| | ) | Rockford |
| Debtor. | ) | Hearing Date:  October 25, 2013 |
| | ) | Hearing Time:  9:00 a.m. |

**MOTION TO ENFORCE SETTLEMENT**

NOW COMES Debtor, Gina J. Munao ("Munao"), by her attorneys, Ariel Weissberg ("Weissberg") and the law firm of Weissberg and Associates, Ltd., and as Munao's *Motion to Enforce Settlement* (the "Motion"), states as follows:

## I.   INTRODUCTION

1. On January 30, 2012, Nora Williams ("Williams") obtained a judgment in her favor and against Munao in the amount of $140,611.21 ("Judgment") in the case captioned as, *Nora Williams v. Gina Munao, et al.,* pending in the Circuit Court of the Twenty-Second Judicial Circuit, McHenry County, Illinois, as Case No. 08-AR-578 ("State Court Action").

2. Subsequently, on or about March 13, 2012, Williams served a Citation to Discover Assets on Munao to start post-judgment proceedings in the State Court Action to collect the Judgment, which created a citation lien in favor of Williams on all of Munao's personal property, including Munao's ownership of sixty (60) shares of the common capital stock in Monarch Hospice & Palliative Care, Inc. ("Monarch"), representing fifteen percent (15%) of the issued and outstanding shares of Monarch's common capital stock ("Munao Shares").  Also, Williams recorded a Memorandum of Judgment against Munao's principal

3

residence ("Judicial Real Property "Lien""), commonly known as 1920 Jester Lane, Algonquin, Illinois, 60102 ("Residence") to perfect a judicial lien against the Residence.

3. On May 22, 2013, Munao filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division ("Court") to initiate a Chapter 13 bankruptcy case captioned as, *In re Gina Munao*, Case No. 12-B-81894 ("Bankruptcy Case"). Subsequently, Munao filed in the Bankruptcy Case, Schedules and a Statement of Financial Affairs, in which: (a) Munao valued the Munao Shares at less than $4,000; (b) Munao claimed an exemption in the Munao Shares for the full value of the Munao Shares; (c) Munao valued her Residence at $175,000; (d) Munao claimed a homestead exemption in the Residence; and (e) Munao listed JPMorgan Chase as a secured creditor of Munao in the amount of $175,000 with a first mortgage on the Residence.

4. On May 16, 2013, Munao entered into an Agreement with Monarch ("Stock Sale Agreement") to sell the Munao Shares to Monarch for $4,000 payable to Munao ("$4,000 Payment") and that Monarch would not assert its pre-petition claims against Munao of approximately $85,000.00 ("Monarch Pre-Petition Claims"). On June 14, 2013, Munao filed in the Bankruptcy Case the *Motion for Order (I) Authorizing the Sale of the Debtor's Interest in Stock; (II) to Avoid a Judicial Lien that Impairs an Exemption in Personal Property; and (III) granting Related Relief* ("Sale Motion"), which Munao presented on July 12, 2013.

5. On June 6, 2013, Munao filed in the Bankruptcy Case her Chapter 13 Plan, in which she is seeking to avoid the Judicial Real Property Lien, as an unsecured debt and disclosed the prospective sale of the Munao Shares to Monarch as one means of curing the pre-petition arrearage due on the first mortgage encumbering the Residence owed to Chase.

6. On August 26, 2013, Williams filed *Objection of Nora Williams in Response to Debtor's Motion for Order (I) Authorizing the Sale of the Debtor's Interest in Stock; (II) to Avoid a Judicial Lien that Impairs an Exemption in Personal Property; and (III) granting Related Relief* ("Williams Objection"), by which Williams is objecting to the Sale Motion, and specifically, the sale of the Munao Shares to Monarch.

7. On August 15, 2013, Monarch filed a Proof of Claim in the Court asserting that Munao owed Monarch $85,000 for pre-petition unsecured loans.

8. On September 9, 2013, Williams filed in the Court, *Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727 and Seeking Exception to Dischargeability Pursuant to 11 U.S.C. § 523* ("Adversary Complaint") to initiate the adversary proceeding captioned as, *Nora Williams v. Gina J. Munao,* that was filed in the Court, as Adversary No. 13-A-96088 ("Adversary Proceeding"). In the Adversary Complaint, Williams pleaded five causes of action: (a) in Count I, a cause of action seeking to deny Munao's discharge pursuant to § 727 of the Bankruptcy Code, claiming that Munao allowed a dilution of her interest in the common capital stock of Monarch to substantially reduce Munao's percentage ownership of Monarch's common capital stock with the intent to hinder, delay or defraud Williams within one year of the filing of Munao's bankruptcy petition ("Discharge Count"); and (b) in Counts II through V, causes of action to except from discharge the Judgment alleging, among other things, that the Judgment and the underlying claim of Williams in the State Court Action were based on non-dischargeable claims ("Non-Dischargeability Counts").

## II. SETTLEMENT OF CASE

9. On October 4, 2013, Weissberg attended the continued hearing on Debtor's confirmation of Chapter 13 Plan, the Williams Objection and the Sale Motion. John Dickson ("Dickson"), the attorney for Williams failed to attend the continued hearing.

10. Immediately before the hearing commenced on October 4, 2013, and immediately after the hearing concluded on October 4, 2013, Weissberg contacted Dickson telephonically. In the telephone conversation between Weissberg and Dickson, after the conclusion of the hearing on October 4, 2013, at approximately 12:15 to 12:30 p.m., they discussed settlement of the claims of Williams in the Bankruptcy Case and in the Adversary Proceeding. Specifically, Weissberg told Dickson that the Court had instructed the parties to determine quickly if they wanted to engage in mediation because there were deadlines set in the Bankruptcy Case that would interfere with mediation, if commenced too late. Weissberg told Dickson that this was a clear message from the Court but while he believed Monarch and Munao would be willing to mediate, Weissberg expressed to Dickson that the parties should be able to settle the matters in dispute without mediation. Weissberg told Dickson that he believed that Monarch and Munao would settle for a payment of $30,000 to Williams in exchange for mutual and general releases among the parties. In response, Dickson told Weissberg that he needed $40,000 to settle these claims, but that this sum could be paid over a period of time. In response, Weissberg asked Dickson if he had authority for the $40,000 settlement demand, to which Dickson stated that he definitely had authority and that $40,000 was definitely the amount that Williams would accept to release Monarch and Munao. Weissberg said that he thought he could "sell" this settlement demand if it was firm to Monarch and Munao, but that he would have to speak to Monarch's representatives and to Munao to confirm that this sum was acceptable to Monarch and Munao—

6

and if the payments could be made over a period of eight months. Dickson agreed with this time frame for the payment of the $40,000 settlement demand. Clearly, Dickson had stated with absolute certainty to Weissberg that the $40,000 settlement demand was a firm and authorized settlement amount, and that it could be paid over eight months. In fact, Dickson predicated this statement by stating to Weissberg in this conversation that Dickson had spoken to his "expert," who had confirmed that $40,000 was the best case for valuing the Munao Shares (which were the subject of the Sale Motion). With this solid offer, Weissberg exited the courthouse and immediately contacted Munao, to obtain her authority to accept the Williams' offer of settlement that was communicated by Dickson to Weissberg. That telephone call occurred at approximately 1:00 pm on October 4, 2013. Then, with Munao's approval of this settlement offer, Weissberg contacted Ruben Ybarra, the principal of Monarch, and inquired from Ruben if Monarch would accept Nora Williams' demand of settlement for $40,000, payable over eight months. Ybarra accepted this proposal. Immediately after this telephone call, at approximately 2:00 p.m. on October 4, 2013, Weissberg contacted Dickson telephonically and left a voice mail message with Dickson that both Monarch and Munao had agreed to Williams' demand of $40,000 payable over eight months, and that Weissberg would send a draft of the Settlement Agreement and a Motion to Approve Settlement to Dickson on October 7 or 8, 2013 (i.e., the next Monday or Tuesday).

11. On October 8, 2013, Weissberg sent to Dickson, Munao and the representatives of Monarch the following documents attached hereto as Group Exhibit 1 (collectively, "Settlement Documents"): (a) Settlement Agreement; (b) Motion to Approve Settlement and Compromise; (c) Affidavit of Yolanda Ybarra; (d) Release of Memorandum of Judgment recorded by Williams; and (e) Bill of Sale from Munao to Monarch.

12. The Settlement Documents accurately reflected the oral settlement reached among Williams, Munao and Monarch.

13. Weissberg sent by email transmission the Settlement Documents to Dickson, Cornelius P. Brown, Ruben Ybarra and Munao on October 8, 2013 by email, with a "read receipt," requesting proof that Dickson had received and read the Email transmitting the Settlement Documents. A copy of the Email transmitting the Settlement Documents and the "read receipt," reflecting that Dickson had received and read this Email is attached hereto as Exhibit 2. This email was sent at 2:04 p.m. on October 8, 2013.

14. At 8:13 p.m. on October 8, 2013, Weissberg sent to Dickson and Cornelius P. Brown the redlined Settlement Agreement to correct a few typographical errors, again, requesting a read receipt. A copy of this email of 8:30 p.m. and the "read receipt" reflecting Dickson's receipt are attached hereto as Exhibit 3.

15. Each day, from October 9, 2013 to October 14, 2013, Weissberg called Dickson to inquire as to Dickson's reaction to the Settlement Documents, and specifically, as to whether he had any suggested revisions. Dickson never responded to any of these telephone calls, and failed to communicate by any means with Weissberg or any representative of Monarch or Munao in reaction to the Settlement Documents.

16. On October 15, 2013, Weissberg sent an email to Dickson entitled, "Do you have suggested revisions?" Weissberg followed up this email with a telephone call to Dickson. A copy of this email is attached hereto as Exhibit 4.

17. Finally, at approximately 4:45 p.m. on October 15, 2013, Dickson returned Weissberg's numerous telephone calls and emails. Shockingly, Dickson informed Weissberg that Williams was repudiating the settlement agreement of $40,000, and instead, Williams would accept $80,000. An unpleasant conversation ensued. A copy of this email is attached hereto as Exhibit 5.

18. Immediately after the conversation, Weissberg sent an email at 5:16 p.m. on October 15, 2013 to Dickson memorializing the conversation at 4:45 p.m. to which Dickson responded by email that he never had settlement authority.

19. Through this Motion, Munao is seeking to enforce the settlement reached on October 4, 2013 among Williams, Munao and Monarch to resolve the parties' dispute by payment of $40,000 over eight months by Monarch and Munao to Williams pursuant to the Settlement Documents.

## II. JURISDICTION AND VENUE

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334.

20. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

21. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

## III. THE SETTLEMENT SHOULD BE ENFORCED

22. The settlement among Monarch, Munao and Williams as set forth in the Settlement Documents should be enforced.

23. This Motion is supported through the Verification of Weissberg, who attests that the statements made in this Motion are true.

24. It is well-settled that a court may enforce the terms of an oral settlement reached by parties, *Lynch, Inc. v. SamataMason, Inc.*, 279 F.3d 487 (7th Cir. 2002); *Taylor v. Gordon Flesch Co., Inc.*, 793 F.2d 858 (7th Cir. 1986); *Zamouski v. Gerrard*, 275 N.E.2d 429, 1 Ill.App.3d 890 (2nd Dist. 1971); *Pritchett v. Asbestos Claims MGT Corp.*, 773 N.E.2d 1277, 332 Ill.App.3d 890 (5th Dist. 2002);

25. Here, all of the elements for an oral settlement are satisfied with Dickson definitively stating the offer of settlement of $40,000 payable over time; Monarch and Munao's acceptance of this offer, with a clear meeting of the minds regarding the terms of the settlement. Here, the terms of the settlement were so definite "that the promises and performances to be rendered by each party are reasonably certain," *Academy Chicago Publishers v. Cheever,* 144 Ill.2d 24, 29, 578 N.E.2d 981, 983 (1991). There is no question that all of the essential terms and conditions of the Parties' settlement were agreed upon and that none of the essential terms were in dispute.

26. The conduct of Dickson and Williams in repudiating the settlement is reprehensible. Dickson did not repudiate the settlement from October 4, 2013 to October 15, 2013, despite having ample opportunity. Weissberg diligently pursued Dickson after tendering the Settlement Documents, but Dickson never responded to Weisberg's telephone calls and emails in repudiation of the terms of the settlement until 11 days after the settlement had been completely firmed-up with clear assent by all parties communicated.

27. In light of the foregoing, this Court should enforce the settlement of the Parties pursuant to the terms of the Settlement Documents.

WHEREFORE, Debtor, Gina Munao, prays that this court enter and order as follows:

10

    A.    Enforcing the terms of the settlement among Williams, Munao and Monarch pursuant to the Settlement Documents;

    B.    Authorizing the Debtor to enter into and consummate the Settlement Agreement; and

    C.    For such other and further relief as this court deems just and proper.

**GINA J. MUNAO,** Debtor

By**:**    /s/ Ariel Weissberg
One of her attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL  60605
T. 312-663-0004
F. 312-663-1514

## VERIFICATION

I, Ariel Weissberg, under penalties as provided by law pursuant to 28 U.S.C. 1746 of the United States Code, certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

    **/s/ Ariel Weissberg**
    **Ariel Weissberg**